[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16516
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-22320-CV-MGC

BOARD OF TRUSTEES OF THE INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION,
AFL-CIO EMPLOYERS PENSION,
WELFARE AND HOLIDAY VACATION FUNDS,
SOUTHEAST FLORIDA PORTS,

Plaintiffs-Appellees,

INTERNATIONAL LONGSHOREMAN'S ASSOCIATION,
AFL-CIO LOCAL 1922,

Plaintiffs-
Counter-Defendants-
Appellees,

versus

ELLER MARITIME SERVICES, LLC.,

Defendant-
Counter-Claimant,

ELLER AND COMPANY, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 20, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Eller and Company, Inc., appeals the judgment entered in favor of the Board of Trustees of the International Longshoremen's Association. The district court ruled that Eller had breached its obligation to contribute to a pension and benefit fund for the Association. We affirm.

Eller and Company performed stevedoring services for ships in the Port of Miami. In 1990, Eller signed collective bargaining agreements with the Association and its local union. In the agreements, Eller agreed to contribute to a pension and benefit fund and pay union dues for its employees who were members of the local Association.

Eller later founded a new company, Eller Maritime Services, to assume the stevedoring business. In 2006, Eller became a holding company and allegedly intended to transfer its assets and liabilities to Eller Maritime. On May 19, 2006, Eller wrote a letter to the Association stating that Eller "would like to transfer or

2

assign all of the benefit funds currently using the heading, Eller & Company, Inc. to be changed over to Eller Maritime Services, LLC."

In September 2008, the Association and its local union filed a complaint to recover unpaid contributions and union dues from Eller and Eller Maritime. The Association and its local union alleged that Eller and Eller Maritime had failed to pay benefit contributions of $274,837.60 and union dues of $3049.93 that had been owed between May and June 2008. The Association and its local union also requested reimbursement for interest and late fees, attorney's fees, and costs.

The Association moved for partial summary judgment regarding Eller's liability for the unpaid contributions. In its statement of undisputed facts, the Association stated that a manager of Eller Maritime had certified as "true and correct" reports of the Association that listed the amounts of the unpaid contributions. The Association attached to its motion the affidavit of Edwin Stewart, the funds manager for the Association. Stewart stated that the "Trust indentures and the collective bargaining agreements relating to the contributions to be paid into the [Association] FUNDS and the benefits to be derived . . . were executed by Eller & Company, Inc." Stewart acknowledged that the Association had "since June of 2006, been accepting reports of hours worked and contributions due from Eller Maritime Services, LLC as a result of the letter dated May 29,

3

2006," but Stewart stated that the Association had not "relieved Eller & Company, Inc. from any of its obligations either under the collective bargaining agreements or the Trust indentures." The Association did not request a judgment against Eller Maritime because it was insolvent.

Eller responded that it had transferred liability for the contributions to Eller Maritime. Eller argued that the terms and conditions of the collective bargaining agreement attached to the "operation" of the stevedoring business that had been transferred to Eller Maritime. Eller based its argument on one paragraph in the bargaining agreement which stated, "In the event the entire operation or any part thereof is sold, leased, assigned or transferred the operation shall continue to be subject to the terms and conditions of this agreement for the life thereof."

The district court granted partial summary judgment in favor of the Association. The district court explained that, under Florida law, an assignment of rights does not transfer the obligations of an assignor. The district court ruled that there was no "evidence that the 2006 assignment to Eller Maritime . . . was a novation or a substitute contract" that transferred to Eller Maritime the obligations of Eller under the collective bargaining agreement.

The district court held a bench trial to determine whether Eller was liable to the Association for unpaid pension contributions and to determine whether Eller

4

owed the local union any unpaid dues. At the conclusion of the trial, the district court entered a final judgment against Eller. The district court awarded $346,481 to the Association and $4000 to its local union.

The district court did not err by entering judgment in favor of the Association. Eller failed to present any evidence that it extinguished its contractual obligations to the Association. Michael Christian, a member of the Board of Directors of both Eller and Eller Maritime, testified that the "intention of creating Eller Maritime" and the "understanding of all the employees of Eller Maritime Services and . . . the board of directors of Eller and Company, Inc." was to assign the assets and liabilities of Eller to Eller Maritime, but the parties failed to modify the collective bargaining agreements between Eller and the Association. Eller argues, for the first time on appeal, that there was a "contract implied in fact" between Eller Maritime and the Association. Because Eller did not make this argument in the district court, we will not consider it for the first time on appeal. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

We **AFFIRM** the judgment in favor of the Association.